IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

REY D. ACOSTA,

    Defendant.

Civil Action No. 25-___(__)

## COMPLAINT

Plaintiff Securities and Exchange Commission ("Commission") alleges as follows against Defendant, Rey D. Acosta ("Acosta"):

### SUMMARY

1. This action involves a "free-riding" securities trading scheme perpetrated by defendant Acosta. Free-riding schemes generally involve a brokerage customer trading securities knowing he or she does not have sufficient funds to pay for the trading. If the trading is profitable, the customer attempts to keep the profit, but if the trading is unprofitable, the brokerage firm sustains the loss.

2. In this case, Acosta fraudulently funded his account at a broker-dealer by making a series of bogus Automated Clearing House ("ACH") transfers of money from a bank account that Acosta knew lacked sufficient funds to cover the ACH transfers. Then, before those transactions could clear or be rejected, he immediately began trading securities in the brokerage

account using the funds the brokerage firm made temporarily available while the fraudulent transfers were pending.

3. After his ACH transfers were rejected for insufficient funds, the brokerage through which Acosta conducted his free-riding trading froze and eventually shut down his account.

4. By this conduct, Acosta violated, and unless enjoined will continue to violate, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

5. The SEC seeks permanent injunctive relief, a conduct-based injunction, and civil penalties against Acosta.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this action pursuant to Sections 21(d)(1), 21(d)(3)(A), 21(e) and 27(a) of the Exchange Act, 15 U.S.C. §§ 78u(d)(1), 78u(d)(3)(A), 78u(e) and 78aa(a).

7. Defendant has, directly or indirectly, made use of the means or instrumentalities of interstate commerce, of the mails, or of the facilities of a national securities exchange in connection with the transactions, acts, practices and courses of business alleged in this complaint.

8. Venue is proper in this district pursuant to Section 27(a) of the Exchange Act, 15 U.S.C. § 78aa(a), because certain of the transactions, acts, practices and courses of conduct constituting violations of the federal securities laws occurred within this district. In addition, venue is proper in this district because Acosta resides in this district.

**THE DEFENDANT**

9.	Defendant Rey D. Acosta, age 28, is a resident of Shenandoah, PA.

**FACTS**

10.	Acosta opened a brokerage account at Broker A in October 2021.  As of January 3, 2023, Acosta had a balance of only $2 in the account at Broker A.

11.	On January 3, 2023, Acosta fraudulently made four ACH transfers totaling $1.5 million into his account at Broker A from an account he maintained at Bank A that he knew lacked sufficient funds to cover the transfers.  These transfers were subsequently reversed for insufficient funds.

12.	Prior to the reversal, Acosta purchased three different stocks for a total of $122,311.  Later that same day, Acosta sold all the stocks he acquired and realized trading profits of $93,565.

13.	After Acosta's fraudulent ACH transfers were reversed, Broker A closed his brokerage account for suspected free-riding, thereby preventing him from transferring out the illicit trading profits.

14.	At all times when Acosta was funding his account at Broker A and placing the trades in that account, he knew, or was reckless in not knowing, that he had insufficient funds in his bank account at Bank A to cover the ACH transfers and that he lacked sufficient funds to cover the costs of the trades he placed.

15.	Acosta knew or was reckless in not knowing that such conduct was improper, even before he opened his account at Broker A.  At another broker-dealer, Broker B, Acosta had placed securities trades in an account after having initiated wires into his account that were rejected for insufficient funds.  Acosta was warned that placing trades using false deposits could

result in a suspension of his account. When Acosta continued this conduct, Broker B eventually closed Acosta's account.

## COUNT I—FRAUD

**Violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5]**

16. Paragraphs 1 through 14 are hereby realleged and incorporated herein by reference.

17. In January 2023, Defendant Acosta, knowingly or recklessly, in connection with the purchase and sale of securities described herein, by the use of the means and instrumentalities of interstate commerce and by use of the mails, directly and indirectly:

a) employed devices, schemes, and artifices to defraud;

b) made untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and

c) engaged in acts, practices, and courses of business which would and did operate as a fraud and deceit upon the purchasers of such securities, all as more particularly described above.

18. By reason of the foregoing, Defendant has violated and, unless enjoined, will continue to violate Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Commission respectfully requests that the Court enter a final judgment:

**I.**

Permanently restraining and enjoining Defendant Acosta, and his agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of the order by personal service or otherwise, and each of them from violating Section 10(b) of the Exchange Act [15 U.S.C. 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. 240.10b-5] by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person about (A) the availability or balance of funds in a bank, brokerage, or other account; (B) Defendant Acosta's ability to fund a brokerage account, or any purchase in such brokerage account; or (C) the sufficiency of funds in any bank or brokerage account to pay for any purchase in a brokerage account; or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any person, about (A) the availability or balance of funds in a bank, brokerage, or other account; (B) Defendant Acosta's ability to fund a brokerage account or any purchase in such brokerage account; or (C) the sufficiency of available funds in any bank or brokerage account to pay for any purchase in a brokerage account.

**II.**

Permanently enjoining Defendant Acosta from opening a brokerage account without first providing to the relevant brokerage firm(s) a copy of the Commission's filed complaint in this matter and any judgment that the Commission may obtain against him in this matter.

**III.**

Ordering Defendant Acosta, pursuant to Sections 21(d)(3) of the Exchange Act [15 U.S.C. 78u(d)(3), to pay a civil monetary penalty.

**IV.**

Retaining jurisdiction over this action to implement and carry out the terms of all orders and decrees that may have been entered and to entertain any suitable application or motion by the Commission for additional relief within the jurisdiction of this Court.

**V.**

Granting such other and further relief as this Court may deem just, equitable, and appropriate in connection with the enforcement of the federal securities laws and for the protection of investors.

Dated: February 24, 2025

SECURITIES AND EXCHANGE COMMISSION

 /s/ *Scott A. Thompson*
Scott A. Thompson (PA Bar No. 90779)
Kara F. Sweet (NJ Bar No. 022062001)
Philadelphia Regional Office
1617 JFK Blvd., Suite 520
Philadelphia, PA 19103
(215) 597-3100
(215) 597-2740 (fax)
thompsons@sec.gov
sweetk@sec.gov

*Counsel for Plaintiff*
*Securities and Exchange Commission*